**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SAM SCALES                                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO. 3:06cv298-HTW-LRA

AARON HOVEY AND CON-WAY NOW, INC.                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The above styled and numbered cause was removed to this court from the Circuit Court of Rankin County, Mississippi, under Title 28 U.S.C. §§ 1441(a)[1] and 1446(b).[2] Defendants predicate subject matter jurisdiction on Title 28 U.S.C. § 1332.[3] The defendant Conway Now, Inc., initially incorrectly identified by plaintiff as Con-Way Transportation Services, Inc., has moved for summary judgment in its favor against the plaintiff under Rule 56(b)[4] and (c)[5] of the Federal Rules of Civil Procedure. Inasmuch

---

[1]Title 28 U.S.C. § 1441(a) states in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

[2]Title 28 U.S.C. § 1446(b) states in pertinent part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

[3]Title 28 U.S.C. § 1332 provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States ..."

[4]Rule 56(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a] party against whom a claim . . . is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as

as this court's jurisdictional predicate is diversity of citizenship under § 1332, this court is obligated to apply the substantive law of the State of Mississippi to this dispute. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## **FACTUAL BACKGROUND**

Sam Scales, plaintiff, filed this cause of action on March 23, 2006, in the Circuit Court of Rankin County, Mississippi. Upon being served with the original complaint, defendant Aaron Hovey removed the case from that state court to this federal forum on June 2, 2006. Afterwards, on June 13, 2006, defendant Con-Way timely filed its answer and defenses.

Plaintiff's claims arise out of an accident which took place on August 5, 2005, on Interstate 20, involving an automobile and a Dodge Sprinter sleeper van. The automobile was driven by Sam Scales, while the van was operated by Aaron Hovey. According to the defendant Con-Way, the van was owned by Aaron Hovey's father, Norman Hovey, who was a passenger in the van at the time of the accident. Scales, asserting respondeat superior, says that defendant Con-Way was Aaron Hovey's employer.

Defendant Con-Way now seeks summary judgment, arguing that Norman Hovey was an independent contractors pursuant to an "Agreement for Leased Equipment and

---

to all or any part thereof."

[5]Rule 56(c) of the Federal Rules of Civil Procedure provides, in pertinent part, the following:
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Independent Contractor Services", effective July 26, 2005, entered into between Norman Hovey and Con-Way. This Agreement, Con-Way argues, states clearly that the relationship between Con-Way and Norman Hovey was that of employer/independent contractor, and that nothing in the Agreement should be construed to be inconsistent with that interpretation. Moreover, says Con-Way, Aaron Hovey was the employee of Norman Hovey, not Con-Way.

While the Agreement provides that Con-Way has exclusive possession and control over the Hovey's vehicle during the lease period, and that Con-Way shall provide all identification required by law, the Agreement also provides that it shall be effective only for a term of 30 days, after which either party may terminate the agreement upon ten days written notice. So, under the terms of the Agreement, if Norman Hovey had found better circumstances elsewhere, he could have terminated the Agreement with Con-Way and turned in anything belonging to Con-Way. The Agreement requires nothing more for termination.

Con-Way recites several factors, as follows, which support its contention that Norman Hovey was an independent contractor: Aaron Hovey was an employee of his father Norman Hovey at the time of the accident; the vehicle being driven by Aaron Hovey was owned by Norman Hovey; the vehicle was covered by an insurance policy through Allstate Insurance Company; and that this policy was maintained by Norman Hovey. Con-Way also directs the court's eye to the Agreement itself, which states that the relationship between Con-Way and Norman Hovey is that of employer/independent contractor. So, based on these key factors, Con-Way says it is not responsible for any alleged act of negligence by Aaron Hovey because the relationship between Con-Way

3

and Norman Hovey was simply that of employer/independent contractor.

Plaintiff Scales says that whether Aaron Hovey was an employee of Con-Way is a question of fact for the jury. Plaintiff relies on two depositions, those of Aaron and Norman Hovey, who say that at the time of the accident they worked for Con-Way.

Scales also argues that Norman Hovey and his employees could work only for Con-Way because of a non-compete provision found in the Agreement which prohibits Hovey from taking work with competitors for two years. Scales argues that this non-compete provision establishes Con-Way's control over Norman Hovey.

## APPLICABLE LAW

As noted above, this court is obligated to apply the substantive law of the State of Mississippi to this dispute. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). While Mississippi once engaged in an elaborate factoring analysis to determine whether one was engaged in an employer/employee or independent contractor relationship, it switched to a singular "right to control" test. *W.J. Runyon & Son, Inc. v. Davis*, 605 So.2d 38 (Miss. 1992). Then, in *Richardson v. APAC-Mississippi, Inc.*, 631 So.2d 143 (Miss. 1994), the Mississippi Supreme Court overruled *Runyon* to the extent that it was inconsistent with *Richardson* and moved back to a factoring analysis. Through all the changes, *the right to control and actual control have always been primary factors.* As the court observed, "[a]t last, and in any given case, it gets back to the original proposition whether in fact the contractor was actually independent." *Richardson*, 631 So.2d at 148. So, *where the facts are undisputed*, determining the type of relationship is a legal question. *Id.*, at 152.

4

**THE SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Evans v. City of Marlin, Texas*, 986 F.2d 104 (5th Cir.1993). So, then, pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is mandated in any case where either a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof, *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), or if the evidence favoring the non-moving party is insufficient for a jury to enter a verdict in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).  In reviewing the propriety of summary judgment, this court must look to the pleadings, depositions, admissions and answers to interrogatories, as well as affidavits to determine whether a genuine issue of material fact exists.  *Evans*, 986 F.2d at 107. When the moving party has carried the Rule 56(c) burden, the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment.  *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  To that end, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant.  *Byrd v.Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir.1982).

**ANALYSIS**

The facts here are undisputed and the terms of the Agreement are clear. Norman Hovey owned his van, provided his own equipment and insurance, and used

only Con-Way's GPS satellite system, a privilege for which Norman Hovey paid a rental fee.  The Agreement permitted either party to terminate it and included a non-compete clause which may exist between employer/independent contractor, as well as employer/employee.  Significantly, the Agreement itself says that the relationship between Con-Way and Hovey is that of an independent contractor.   Section I states that, "[n]either OWNER (Hovey) nor any of its employees or agents shall be considered to be employees of Con-Way NOW ..., and nothing in this Agreement shall be construed as inconsistent with that relationship."

Then, there is the deposition testimony of Aaron and Norman Hovey wherein they assert that they "worked" for Con-Way.  These deponents were never asked to clarify what they meant by "worked for";  they were never questioned whether they were independent contractors.  So, their testimony of "worked for" is certainly not dispositive of the issue at hand; instead, it provides no help at all.

Therefore, this court finds that the relationship between Con-Way and Norman Hovey was that of an employer to independent contractor.  Necessarily, the court further finds that Con-Way is not liable to the plaintiff Sam Scales for the injuries he suffered in the automobile accident with Aaron Hovey.  *Chisolm v. Mississippi Department of Transportation*, 942 So.2d 136, 142 (Miss. 2006) (contractor hired by MDOT to replace a bridge with an underground box culvert found to be an independent contractor and MDOT was not liable for the independent contractor's negligence); *Heirs and Wrongful Death Beneficiaries of Branning ex rel. Tucker v. Hinds Community College District*, Tucker, 743 So.2d 31, 318 (Miss. 1999) (county college not liable where airport management company found to be an independent contractor); and

*Rolison v. City of Meridian*, 691 So.2d 440, 445 (Miss. 1997) (city not liable where umpires' association found to be an independent contractor).

## CONCLUSION

Based on the foregoing, the motion of the defendant Con-Way NOW, Inc., for summary judgment is well taken and is granted. The plaintiff's claims against Con-Way NOW, Inc., are hereby dismissed with prejudice.

**SO ORDERED** this the 25th day of March, 2008.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:06cv298-HTW-LRA
Memorandum Opinion and Order Granting Summary Judgment
   as to defendant Con-Way Now, Inc.